## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD DEAN LOWE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV-26-493-J |
| | ) | |
| TOMMY SHARP, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Ronald Dean Lowe, a pro se Oklahoma prisoner,[1] filed a petition seeking habeas relief under 28 U.S.C. § 2254. Doc. 1.[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.[3] After a careful examination of the Petition, as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Rule 4), the undersigned recommends the Court dismiss the Petition.

---

[1]    This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[3]    Petitioner's case was later reassigned to United States District Judge Bernard M. Jones, II. Doc. 6.

## I.    Screening requirements.

The Court must review habeas petitions promptly and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. Likewise, courts are obligated to examine their jurisdiction sua sponte and dismiss any action where subject-matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006).

## II.    Procedural history.

On October 5, 1993, Petitioner was convicted on two counts of first-degree murder in Pottawatomie County District Court, Case No. CRF-1993-111.[4] The Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction on May 4, 1995. Doc. 1, at 2; *Lowe v. State,* No. F-1994-460, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&numbe

---

[4]    *See    State    v.    Lowe,*    No.    CRF-1993-111, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=pottawatomie&number=CF-1993-00111&cmid=29075 (last visited May 20, 2026). The Court takes judicial notice of Petitioner's state court criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

r=F-1994-460&cmid=30736 (last visited May 20, 2026). Petitioner has

repeatedly sought, and been denied permission to challenge his conviction:

> On July 27, 1995, Mr. Lowe filed a habeas petition in this Court, challenging the Pottawatomie County conviction. *Lowe v. Champion*, Case No. CIV-95-1133-M, ECF No. 2 (W.D. Okla. July 27, 1995). On June 10, 1996, the District Court dismissed the habeas petition without prejudice, based on Mr. Lowe's failure to exhaust his state court remedies. *See Lowe v. Champion*, Case No. CIV-95-1133-M, ECF No. 31 (W.D. Okla. June 10, 1996); *see also Lowe v. Champion*, Case No. CIV-95-1133-M, ECF No. 35 (W.D. Okla. July 9, 1999).

> On July 5, 1996, Petitioner filed his first Application for Post-Conviction Relief in the Pottawatomie County District Court. On August 16, 1996, the district court denied the application. On September 13, 1996, Petitioner filed for a writ of habeas corpus in the Pottawatomie County District Court. The district court denied the habeas petition the same day it was filed and the OCCA affirmed the denial on November 18, 1996. On September 20, 1996, Mr. Lowe appealed the district court's denial of the post-conviction application and on October 24, 1996, the OCCA declined jurisdiction over the appeal as untimely. Petitioner sought an appeal out of time in the Pottawatomie County District Court, but on December 9, 1996, the district court denied relief and on February 6, 1997, the OCCA affirmed the denial.

> On March 28, 1997, in the Eastern District of Oklahoma, Mr. Lowe filed a habeas petition under 28 U.S.C. § 2254, challenging the conviction in Pottawatomie County Case No. CRF-1993-111. *See Lowe v. Boone, et al.*, Case No. CIV-97-191-FHS-JHP, ECF No. 2 (E.D. Okla. Mar. 28, 1997). The Eastern District transferred the case to this Court, and it was assigned Case No. CIV-97-624-M. *See Lowe v. Boone, et al.*, Case No. CIV-97-624-M, ECF No. 1 (W.D. Okla. Apr. 22, 1997). On November 10, 1997, the District Judge adopted the findings of the magistrate judge, who had recommended denial of the habeas petition, and entered judgment accordingly. *See Lowe v. Boone, et al.*, Case No. CIV-97-624-M, ECF Nos. 23 & 24 (W.D. Okla. Nov. 10, 1997). On August 9, 1999,

3

> Petitioner filed a Notice of Appeal in the Tenth Circuit Court of Appeals, and on January 5, 2000, the Circuit affirmed. *See Lowe v. Boone, et al.*, Case No. 99-6299 (10th Cir. Jan. 5, 2000).
>
> On December 19, 1997, Mr. Lowe filed a second Application for Post-Conviction Relief in the Pottawatomie County District Court. The district court denied the application on January 16, 1998 and the OCCA affirmed the denial on March 9, 1998. On May 18, 1998, Petitioner sought authorization in the Tenth Circuit to file a "second or successive" habeas petition in the federal District Court. *See Lowe v. Boone, et al.*, Case No. 98-729 (10th Cir. May 18, 1998). On June 10, 1998, the Tenth Circuit denied Petitioner's motion and dismissed the action. *Lowe v. Boone, et al.*, Case No. 98-729 (10th Cir. June 10, 1998).
>
> On October 21, 1998, Petitioner filed a third Application for Post-Conviction Relief in the Pottawatomie County District Court. On October 30, 1998, the district court denied the petition, and on January 21, 1999, the OCCA affirmed the denial. On May 25, 1999 and June 2, 1999, Petitioner filed a fourth Application for Post-Conviction Relief and an Amended fourth Application for Post-Conviction Relief in the Pottawatomie County District Court. The record is silent as to the outcome or rulings on this particular application. On September 18, 2019, Mr. Lowe filed a fifth Application for Post-Conviction Relief in the Pottawatomie County District Court. The district court denied relief on January 8, 2020, and the OCCA affirmed the denial on March 3, 2020.

*Lowe v. Braggs*, No. CIV-20-427-J, 2020 WL 5242887, at *1-2 (W.D. Okla. May 29, 2020) (footnotes omitted) (record citations omitted), *adopted*, 2020 WL 5242539 (W.D. Okla. Sept. 2, 2020).

On May 6, 2020, Petitioner filed another habeas petition in this Court. *Lowe,* 2020 WL 5242887, at *2. This Court dismissed the petition, noting it lacked jurisdiction over the habeas petition because Petitioner did not obtain the required authorization from the Tenth Circuit and that transfer of the case

to the Tenth Circuit was not warranted and that the case should be dismissed. *Lowe*, 2020 WL 5242539, at *1. The undersigned recommends the same outcome here.

### III.    28 U.S.C. § 2244(b).

A petitioner must "move in the [Tenth Circuit] for an order authorizing the district court to consider" a second or successive § 2254 habeas petition "before" filing the petition "in the district court." *See* 28 U.S.C. § 2244(b)(3)(A). This statutory requirement is jurisdictional. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

### A.    Petitioner did not move for or receive the Tenth Circuit's authorization before filing his habeas corpus petition.

After filing this Petition, Petitioner maintains that on February 11, 2026, he sought permission from the Tenth Circuit for authorization to seek a second or successive § 2254 habeas petition. Doc. 7, at 1-2. Petitioner has previously sought permission from the Tenth Circuit to file a second or successive habeas petition challenging the identical conviction, which that court has denied. *See In Re Lowe*, No. 24-6246, Doc. 2 (10th Cir. Nov. 26, 2024); *In re Lowe*, No. 24-6160, Doc. 5 (10th Cir. Aug. 30, 2024); *In re Lowe*, No. 20-6183, Doc. 20 (10th Cir. Dec. 11, 2020).

5

Once again, Petitioner seeks further review of the validity of the same judgment and sentence. Doc. 1. As Petitioner is aware, "any later habeas petition challenging the same conviction is second or successive and is subject to the [Antiterrorism and Effective Death Penalty Act] requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011).

Petitioner has not received prior authorization from the Tenth Circuit to file this second or successive habeas petition, nor is he likely to receive it. So, the Court lacks jurisdiction to entertain Petitioner's habeas corpus petition and the Court should dismiss it without prejudice. *See Young v. Wyo. Dep't of Corr.*, 2025 WL 1014236, at *1 (10th Cir. Apr. 4, 2025) ("If a prisoner files a second or successive habeas application without first obtaining authorization, the district court lacks jurisdiction to hear it." (citing *In re Cline*, 531 F.3d at 1251)); *see also Dopp v. Martin*, 750 F. App'x 754, 758 (10th Cir. 2018) (upholding district court's dismissal for lack of jurisdiction of petitioner's "fourth § 2254 application attacking the same judgment").

**B.    The Court should dismiss the habeas corpus petition, rather than transfer it to the Tenth Circuit Court of Appeals.**

A district court may either dismiss or transfer an unauthorized second or successive § 2254 habeas application. *In re Cline*, 531 F.3d at 1252. Under 28 U.S.C. § 1631, if a district court determines that it lacks jurisdiction, it "shall, if it is in the interest of justice, transfer such action or appeal to any

other such court . . . in which the action or appeal could have been brought." Factors the Court considers "in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . for authorization." *Id.* at 1252; *see also Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

Transferring this case to the Tenth Circuit is not in the interest of justice. Because Petitioner's petition does not meet the statutory requirements for authorization, it would waste judicial resources to transfer this case to the Tenth Circuit. *See In re Cline*, 531 F.3d at 1252; *see also Johnson v. Allbaugh*, 742 F. App'x 395, 396 n.2 (10th Cir. 2018) (noting the Tenth Circuit will grant authorization "only if [petitioner] is able to demonstrate that he has new claims" that meet the statutory requirements under 28 U.S.C. § 2244(b)(2)(A)-(B)).

Because a transfer to the Tenth Circuit would result in dismissal in any case, the interest of justice does not require it. And, Petitioner has a pending

request before the Tenth Circuit. The Court should therefore dismiss Petitioner's latest § 2254 habeas petition challenging his conviction and sentence in Pottawatomie County Case No. CRF-1993-111, rather than transfer it to the Tenth Circuit.

## IV.   Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss the habeas corpus petition for lack of jurisdiction as a second or successive petition related to claims arising from Pottawatomie County Case No. CRF-1993-111.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before June 10, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE