**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

RONALD DEAN LOWE,                    )
                                     )
            Petitioner,              )
                                     )
v.                                   )        Case No. CIV-26-493-J
                                     )
TOMMY SHARP,                         )
                                     )
            Respondent.              )

## ORDER

Petitioner, a state prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254 seeking habeas relief from a state court conviction.  [Doc. No. 1].  The matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Judge Mitchell examined the Petition under Rule 4 of the Rules Governing Section 2254 Cases and issued a Report and Recommendation recommending that the Petition be dismissed as second or successive.  [Doc. No. 8].  Petitioner objected [Doc. No. 10], triggering de novo review.

## I.      Background

Petitioner was convicted on two counts of first-degree murder in Pottawatomie County District Court in 1993.  The Oklahoma Court of Criminal Appeals affirmed in 1995, and Petitioner challenged his conviction under § 2254 in 1995, 1997, and 2020.  In the later filing, this Court informed Petitioner that it lacked jurisdiction because he had failed to obtain the required authorization to file a second or successive habeas petition.  *See Lowe v. Braggs*, No. CIV-20-427-J, 2020 WL 5242887, at *3 (W.D. Okla. May 29, 2020), *adopted*, 2020 WL 5242539 (W.D. Okla. Sept. 2, 2020).

Petitioner filed the instant Petition in March 2026, challenging the same state court conviction. Simultaneously, he attempted to obtain authorization from the Tenth Circuit for a second or successive petition and this Court stayed the matter pending the Tenth Circuit's decision. *See* [Doc. Nos. 7, 9, 11]. On June 25, 2026, the Tenth Circuit denied authorization. *See In re Lowe*, No. 26-6081, Doc. No. 2 (10th Cir. June 25, 2026).

II.     **Analysis**

Judge Mitchell noted the procedural history and concluded that because Petitioner had already filed one § 2254 petition, the current Petition constitutes a second or successive request for habeas relief. As such, Petitioner must have the Tenth Circuit's authorization to proceed. *See* [Doc. No. 8]; *see also Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013) (laying out the gatekeeping requirements of 28 U.S.C. § 2244(b)(3)(A) and reiterating that unless the Tenth Circuit grants authorization, a district court lacks jurisdiction to consider a second or successive habeas petition). Petitioner's objection is focused on his request that the Court stay this matter until the Tenth Circuit rules on his motion to proceed with a second or successive petition, *see* [Doc. No. 10], but the Tenth Circuit has since denied his request, mooting his objection.

Having carefully reviewed the Petition, Report and Recommendation, Petitioner's objection, and the recent Tenth Circuit decision de novo, the Court agrees with Judge Mitchell's analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 8] and DISMISSES Petitioner's Petition [Doc. No. 1] as second or successive. A certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 6th day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE